**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

THOMAS JACKSON and CAROL JACKSON,  )
                                                  )
           Plaintiffs,                )    Case No. 2:10-cv-00050-LDG-GWF
                                                  )
vs.                                                  )    **ORDER**
                                                   )
UNITED ARTISTS THEATRE CIRCUIT, INC.,  )
d/b/a UA RAINBOW PROMENADE,         )
                                                  )
          Defendants.               )

        This matter comes before the Court on United Artists Theater Circuit Inc.'s Memorandum of Fees and Costs (#85), filed on December 19, 2011; Plaintiffs' Brief in Opposition to Defendant's Request for $3,034.40 in Attorney Fees (#86), filed on January 3, 2012; and Defendant's Reply in Support of Memorandum of Fees and Costs (#87), filed on January 10, 2012.

**BACKGROUND**

        This case involves a negligence action in which Plaintiffs Carol Jackson and Thomas Jackson seek the recovery of damages for bodily injuries and loss of consortium. Carol Jackson allegedly slipped on a substance, believed to be popcorn butter oil, in Defendant's movie theater on February 29, 2008 and injured her neck, back and shoulder. On October 10, 2011, Defendant filed a Motion for Sanctions (#77), requesting that the Court sanction Plaintiffs for their failure to produce their computations of damages during the course of discovery, for deposing an individual after the close of discovery, without leave of court, and for other discovery violations. The facts and circumstances leading up to the Motion for Sanctions are outlined in the Court Order (#84) granting in part and denying in part Defendant's motion.

        In granting Defendant's motion, the Court prohibited Plaintiffs from introducing at trial the testimony or medical records or bills of any physicians or health care providers whose identities

were not disclosed prior to the end of discovery on February 14, 2011. The Court further awarded Defendant their reasonable attorney's fees and costs incurred as a result of Plaintiffs' failure to comply with Rule 26(a)(1)(A)(iii). The Court denied all other requested sanctions. On December 19, 2011, Defendant filed this Memorandum, requesting reimbursement of fees and costs associated with Plaintiffs' failure to provide their computations of damages in the amount of $3,034.40. Plaintiffs oppose Defendant's Memorandum arguing that Defendant's request for $3,034.40 in fees is unreasonable, excessive and redundant.

## DISCUSSION

The Supreme Court has held that reasonable attorney fees must "be calculated according to the prevailing market rates in the relevant community," considering the fees charged by "lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11, 104 S.Ct. 1541 (1984). Courts typically use a two-step process when determining fee awards. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the Court must calculate the lodestar amount "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Id.* Furthermore, other factors should be taken into consideration such as special skill, experience of counsel, and the results obtained. *Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed . . . [w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Second, the Court "may adjust the lodestar, [only on rare and exceptional occasions], upward or downward using a multiplier based on factors not subsumed in the initial calculation of the lodestar." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

Defendant requests a total of $3,034.40 in fees and costs associated incurred as a result of Plaintiffs' failure to comply with Rule 26(a)(1)(A)(iii). Defendant requests reimbursement of attorneys' fees and costs at an hourly rate of $150.00 for David Barron, Esq., partner; $130.00 for Chelsea Pyasetskyy, Esq, associate attorney; and $95.00 for Joshua Sliker, Esq, as a law clerk and $130.00 after October 10, 2011 when he became an associate attorney. After reviewing

Defendant's Memorandum and the affidavit of Chelsea Pyasetskyy, the Court finds that the they have offered sufficient evidence that the above hourly rate is reasonable. Further Plaintiffs do not dispute such rates are reasonable.

In support of their request for reimbursement, Defendant provided detailed charts itemizing the work completed and the amount of time spent. Because Defendant's Motion for Sanctions addressed several issues and the Court only awarded fees and costs associated with Plaintiffs' failure to provide a computation of damages, Defendant pro-rated their fees in an attempt to only seek reimbursement for the time spent on computation of damages argument. Plaintiffs object to this method of calculating the attorney's fees, arguing that Defendant cites no authority that pro-rating fees is an appropriate way to calculate attorney's fees. Plaintiffs further argue that pro-rating the fees in this instances leads to an unreasonable result. The Court finds that Defendant's method of calculating the attorney's fees in this case is appropriate. Considering the Motion for Sanctions advanced several arguments, pro-rating the fees and costs seems to be a reasonable approach to calculating only the fees related to Plaintiffs' failure to provide a computation of damages.

Defendant requests reimbursement for the time they spent reviewing the computation of damages and other discovery documents provided by Plaintiffs, conducting legal research on Plaintiffs' failure to comply with the discovery rules, preparing the motion for sanctions and reply brief, and preparing and attending the hearing regarding the motion for sanctions. Considering the totality of the circumstances, the Court finds that reimbursement of $3,034.40 in fees and costs is reasonable and justifiable in light of Plaintiffs' counsel's disregard for the discovery rules. Therefore, based on the reasonable hourly rates discussed above, the Court will award attorneys' fees in the amount of $3,034.40. The relevant factors are subsumed in this calculation of the reasonable attorneys' fees, and there are no other exceptional circumstances which warrant enhancement or reduction of the fees. Accordingly,

. . .

. . .

. . .

. . .

**IT IS HEREBY ORDERED** that Plaintiffs' counsel is to pay Defendant the total sum of $3,034.40.  Plaintiffs' counsel is further ordered to make full payment to Defendant by **Friday, January 27, 2012.**

DATED this 13th day of January, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge