**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| THOMAS JACKSON, an individual; and CAROL JACKSON, an individual. | 2:10-cv-0050-LDG-GWF |
| Plaintiffs, | ORDER |
| v. | |
| UNITED ARTISTS THEATRE CIRCUIT, INC., etc. | |
| Defendant. | |

Plaintiffs Carol Jackson and her husband Thomas Jackson allege that Mrs. Jackson slipped on a substance believed to be popcorn oil while in a movie auditorium of defendant's theater on February 29, 2008, and sustained injuries to her neck, shoulder and back.  Before the court at this time are defendant's motion for summary judgment (#61, opposition #69, reply #74), plaintiffs' motion for summary judgment (#62, opposition #68, reply #73); plaintiffs' motion for partial summary judgment (#67, opposition #71, reply #76), plaintiffs' motion in limine to exclude testimony and expert report of Richard M. Harding (#59, response #63, reply #70), and defendant's motion in limine to limit plaintiffs' expert Neil Opfer (#60, response #64, reply #72).

The dispositive motions contest issues in common.  Defendant's motion for summary judgment generally asserts that plaintiffs cannot prove at trial that a dangerous condition existed in the theater, or that defendant created the condition or had actual or constructive knowledge of the

condition prior to Mrs. Jackson's alleged fall, or that, even if a foreign substance was on the floor, plaintiffs cannot prove that defendant had actual or constructive notice of the unsafe condition. In support, defendant points to plaintiffs' and theater employees' statements that they did not see any substance on the floor where Mrs. Jackson slipped, and that defendant's cleaning protocols required inspection and cleaning of the auditoriums, including seating rows, by theater employees between movie showings, and more thorough cleaning by a janitorial service after closing. Plaintiffs assert that the evidence and law lead to a different conclusion.

Summary judgment is appropriate only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56c. In determining whether summary judgment is appropriate, the court views the facts in the light most favorable to the non-moving party and draws reasonable inferences in favor of that party. Scheuring v. Traylor Bros., Inc.,476 F.3d 781, 784 (9th Cir. 2007) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)). To defeat summary judgment, the opposing parties must make a showing sufficient to establish a genuine dispute of a material fact regarding the existence of the essential elements of [the] case that [they] must prove at trial." Galen v. County of Los Angeles, 477 F.3d 652, 658 (9th Cir.2007) (citation omitted). On a motion for summary judgment, it is not the province of a district court judge to weigh the evidence. Anderson, 477 U.S. at 255 ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether [she or] he is ruling on a motion for summary judgment or for a directed verdict.").

While the procedural record in this case is not a pretty one, plaintiffs have raised genuine issues of triable fact regarding whether Mrs. Jackson slipped on a foreign substance on the floor that should have been discovered by defendant. First, during a post-incident inspection of the auditorium, several of defendant's employees identified some substance on the floor in the seating

row where Mrs. Jackson slipped.  Plaintiffs posit that one of those employees, Archie Gatbonton in fact cleaned up the substance that he described as butter, and then prepared a post-it note writing "Slip and Fall (Butter)," with an arrow, positioned the note on the floor, and took a photo of the area.  Defendant vigorously contests the admissibility of the Gatbonton evidence, noting that his statement was taken in an "unnoticed" deposition, and is hearsay.  Regardless of whether the acquisition of the Gatbonton statement is sanctionable for violating discovery protocol, the court finds that it at least presents an account that Gatbonton can testify about at trial with first-hand knowledge.  A possible hearsay issue would only ripen if he did not testify.  Moreover, statements by an employee or former employee may be admissible as an admission by a party opponent not to be treated as hearsay.  Movie 1 & 2 v. United Artists Communications, Inc., 909 F.2d 1245, 1249-50 (9th Cir. 1990).  As to the photo, it is not a statement, and the court finds that whether it accurately depicts the location of the accident, in view of the varying interpretations of how the plaintiffs' party was seated, remains an issue of fact for trial.

In addition, a report prepared by an insurance carrier investigator cites employee Scott Rowe as having found "a little butter slop" on the floor.  Later, Rowe denied having made that statement to the investigator, and having found a foreign substance on the floor.  Rowe's credibility in that regard is an issue for the jury.

The court also finds a jury question in whether defendant should have known of the condition of the floor.  While the owner of property is not an insurer of the safety of a person on the premises, a business owes its patrons a duty to keep the premises in a reasonably safe condition.  Sprague v. Lucky Stores, Inc., 109 Nev. 247, 250, 849 P.2d 320, 322 (1993).  Whether a business owner is under constructive notice of a hazardous condition on the premises, is normally a question of fact.  Id., 849 P.2d at 323.  Here, an inference can be made drawn that, based on the location of the other attendees at the movie, the foreign substance was left by a previous audience.

3

An issue of fact therefore exists as to whether defendant exercised reasonable care in discovering and removing the substance.

As to the motions in limine, judges have broad discretion when ruling on motions in limine, see, e.g., Jenkins v. Chrysler Motors Corp., 316 F.3d 663, 664 (7th Cir. 2002), and a district court's ruling on a motion in limine is subject to change, particularly in light of developing trial considerations, see Luce v. United States, 469 U.S. 38, 41-42 (1984).  After reviewing the points and authorities, the court will deny (1) plaintiffs' motion in limine to exclude testimony and expert report of Richard M. Harding based on the grounds contained in defendant's opposition, and (2) defendant's motion in limine to limit plaintiffs' expert Neil Opfer based on the grounds contained in plaintiffs' opposition.  The parties will be allowed to further examine a witness' qualifications during voir dire, and renew their motions to exclude the witness at that time.

THE COURT HEREBY ORDERS that defendant's motion for summary judgment (#61), plaintiffs' motion for summary judgment (#62), and plaintiffs' motion for partial summary judgment (#67) are DENIED.

THE COURT FURTHER ORDERS that plaintiffs' motion in limine to exclude testimony and expert report of Richard M. Harding (#59), and defendant's motion in limine to limit plaintiffs' expert Neil Opfer (#60) are DENIED.

THE COURT FURTHER ORDERS that plaintiffs' motion for hearing on pending matters (#96) is DENIED as moot.

Dated this 29 day of March, 2012.

_____
Lloyd D. George
United States District Judge